# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>Plaintiff,<br><br>v.<br><br>GARCIA, et al,<br><br>Defendants. | 1:17-cv-01022-DAD-BAM (PC)<br><br>SECOND INFORMATIONAL ORDER – NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' SUMMARY JUDGMENT MOTION<br>(ECF No. 36)<br><br>ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT IN COMPLIANCE WITH FED. R. CIV. P. 56 AND LOCAL RULE 260(b)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Garcia and Jones for excessive force in violation of the Eighth Amendment.

**I.　Rand Notice**

Defendants filed a motion for summary judgment on January 4, 2019. (ECF No. 36.) Defendants indicated that the motion was accompanied by a Rand warning, (ECF No. 36, p. 2.), but the Court finds no Rand warning was filed. Consequently, pursuant to Woods v. Carey, 684

F.3d 934 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the motion:

    1.    Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(l).

    2.    Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after the date of service of the motion. Id.

    3.    A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. Fed. R. Civ. P. 56(a). Defendants' motion sets forth the facts which they contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

    4.    Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law.

    5.    In the alternative, if Plaintiff does not agree with the facts set forth in Defendants' motion, he may show that Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under the penalty of perjury in the complaint or the opposition if (a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated and (b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies; (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his claims;[1] (3) Plaintiff may rely upon written records but

---

[1] A declaration is a written statement setting forth facts (1) which are admissible in evidence, (2) which are based on the personal knowledge of the person giving the statement, and (3) to which the person giving the statement is competent to testify. 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4). A declaration must be dated and signed under penalty of perjury as follows: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

1 Plaintiff must prove that the records are what he claims they are;[2] or (4) Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as truth, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

6. In opposing Defendants' motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (e.g., pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b).

7. If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of Defendants' motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery, (2) a showing that the facts exist, and (3) a showing that the facts are essential to opposing the motion for summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100–01 (9th Cir. 2006); California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment must identify what information is sought and how it would preclude summary judgment. Blough, 574 F.3d at 1091 n.5; Tatum, 441 F.3d at 1100–01; Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

8. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

///

---

[2] Sworn or certified copies of all papers referred to in the declaration must be included and served on the opposing party. Fed. R. Civ. P. 56(e).

1.     9.    The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

**II.  Leave to File Supplement to Opposition**

Plaintiff timely filed his opposition to Defendants' motion for summary judgment on January 25, 2019. (ECF No. 37.) Upon review, it appears Plaintiff has failed to file a separate document disputing Defendants' statement of undisputed facts, as required by Local Rule 260(b). The Court further notes that although Plaintiff's first amended complaint is signed under penalty of perjury, (ECF No. 14, p. 6), his opposition to the motion for summary judgment is not.

It is well-established that the pleadings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atjyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (9th Cir. 2012) (en banc). However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364–65 & n.4 (9th Cir. 1986) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. at 1364 n.4 (citation omitted).

In light of Plaintiff's *pro se* status and Defendants' failure to properly file a Rand notice with their motion for summary judgment, the Court is inclined to grant Plaintiff an opportunity to submit additional evidence in support of his opposition.

Plaintiff is warned that any submission should comply with the applicable requirements of Federal Rule of Civil Procedure 56, which sets forth what he must do in order to oppose a motion for summary judgment. Plaintiff may not simply rely on the allegations in his first amended complaint, but must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the

Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.

Further, Plaintiff must comply with Local Rule 260(b), which requires him to "reproduce the itemized facts in Defendants' Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Plaintiff may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." Id. If additional discovery is needed to oppose summary judgment, Local Rule 260(b) further requires Plaintiff to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

**III.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Within **twenty-one (21) days** from the date of service of this order, Plaintiff may file a supplemental opposition to Defendants' motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260;
2. Defendants may file a reply, if any, within **seven (7) days** from the date of CM/ECF filing of Plaintiff's response; and
3. If no supplemental opposition is filed, the Court will decide Defendants' motion for summary judgment on the basis of the pleadings and Plaintiff's January 25, 2019 opposition only.

IT IS SO ORDERED.

Dated:    **April 18, 2019**                              /s/ Barbara A. McAuliffe
                                                          UNITED STATES MAGISTRATE JUDGE