# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA, *et al.*,<br><br>　　　　Defendants. | Case No. 1:17-cv-01022-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' AMENDED APPLICATION TO STAY DISCOVERY AND CONTINUE DEADLINES<br><br>(ECF No. 40) |

Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Garcia and Jones for excessive force in violation of the Eighth Amendment.

On January 4, 2019, Defendants filed a motion for summary judgment on the grounds that Plaintiff failed to properly exhaust administrative remedies as to Defendant Jones, and as to the allegations of excessive force other than the use of OC spray by Defendant Garcia. (ECF No. 36.)

Currently before the Court is Defendants' amended ex parte application to stay discovery and continue deadlines, seeking a stay of all discovery and dispositive motion deadlines pending resolution of the motion for summary judgment. Defense counsel also submitted a declaration indicating that she spoke with Plaintiff by phone regarding the request, and Plaintiff advised

defense counsel that he objected to the request. (ECF No. 40.) Plaintiff has not filed an opposition with the Court, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Defendants argue that if their motion for summary judgment is granted, only Defendant Garcia will remain in this case, and the allegations against Defendant Garcia will be limited to those allegations pertaining to the use of OC spray. A stay of discovery until the Court's ruling on the pending motion for summary judgment will therefore prevent an individual who is no longer a party from having to unnecessarily respond to discovery requests and will limit the scope of discovery for the remaining parties. This will enable Defendants to properly prepare for a deposition of Plaintiff and limit the questioning to which Plaintiff will be subjected during a deposition.

The Court finds that Defendants have met the burden of showing good cause to stay all discovery in this matter. Proceeding with discovery for defendants and claims that may be disposed of by the pending summary judgment motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. If Defendants do not prevail on their motion, Plaintiff will not be prejudiced by a modest delay in proceeding with discovery.

Accordingly, Defendants' application to stay discovery and continue the deadlines in the Court's October 4, 2018 discovery and scheduling order pending the disposition of the pending motion for summary judgment, (ECF No. 40), is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: **May 21, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE