# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON, <br><br> Plaintiff, <br><br> v. <br><br> GARCIA, *et al.*, <br><br> Defendants. | Case No. 1:17-cv-01022-DAD-BAM (PC) <br><br> ORDER DENYING MOTION TO APPOINT COUNSEL <br><br> (ECF No. 52) |

Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Garcia and Jones for excessive force in violation of the Eighth Amendment. Pending before the Court is Defendants' motion for summary judgment, filed January 4, 2019. (ECF No. 36.) On May 21, 2019, the Court stayed all discovery and continued all deadlines in the Court's October 4, 2018 discovery and scheduling order pending the disposition of Defendants' motion for summary judgment. (ECF No. 48.)

Currently before the Court is Plaintiff's motion to appoint counsel. (ECF No. 52.) Plaintiff argues that he is a lay person, and appointment of counsel is necessary due to the complex arguments and necessary points that need to be made in this case. Plaintiff references some of Defendants' responses to his request for production of documents, and has attached those responses to his motion. (Id.)

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>rev'd in part on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* almost daily. These prisoners also must make complex legal arguments and prosecute claims without the assistance of counsel.

Furthermore, Plaintiff paid the filing fee and is not proceeding *in forma pauperis* in this action. At the time of filing, Plaintiff held a balance of $15,214.61 in his trust account. (ECF No. 7.) Plaintiff has not alleged in his motion that he is now unable to afford counsel.

To the extent Plaintiff argues that counsel is required to assist him in conducting discovery, all discovery has been stayed in this action pending a ruling on Defendants' motion for summary judgment. If Plaintiff is seeking relief related to discovery that has already been conducted in this action, a motion for appointment of counsel is not the appropriate method of seeking such relief.

Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. As demonstrated in the instant motion, Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel.

For the foregoing reasons, Plaintiff's motion to appoint counsel, (ECF No. 52), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 15, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE