# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WAYNE JEROME ROBERTSON,

      Plaintiff,

    v.

GARCIA, *et al.*,

      Defendants.

Case No.  1:17-cv-01022-DAD-BAM (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON PLAINTIFF'S FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

(ECF No. 36)

**FOURTEEN (14) DAY DEADLINE**

## FINDINGS AND RECOMMENDATIONS

### I.    Background

Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Garcia and Jones for excessive force in violation of the Eighth Amendment.

On January 4, 2019, Defendants filed a motion for partial summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to filing this action as required by the Prison Litigation Reform Act, as to Defendant Jones entirely, and as to the allegations of excessive force other than the use of OC spray by Defendant Garcia.  Fed. R. Civ. P. 56(c), *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 574 U.S. 968 (2014).

1

(ECF No. 36.)  Plaintiff filed a timely opposition on January 4, 2019.  (ECF No. 37.)  After finding that Defendants failed to include a *Rand* warning with the motion, the Court issued a second informational order providing Plaintiff with notice of the requirements for opposing a motion for summary judgment and permitted Plaintiff an opportunity to file a supplemental opposition. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 41.) Plaintiff filed a supplemental opposition on May 6, 2019.  (ECF No. 42.)  Defendants filed a reply on May 13, 2019.  (ECF No. 43.)

The motion for summary judgment is deemed submitted.  Local Rule 230(l).

## II.    Legal Standards

### A.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion.  *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."  *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust.  *Id.*

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to

2

1  Plaintiff to show something in his particular case made the existing and generally available

2  administrative remedies effectively unavailable to her.  *Williams*, 775 F.3d at 1191 (citing *Albino*,

3  747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue of

4  exhaustion remains with Defendant.  *Id.* (quotation marks omitted).

5  **B.      Summary Judgment Standard**

6  Any party may move for summary judgment, and the Court shall grant summary judgment

7  if the movant shows that there is no genuine dispute as to any material fact and the movant is

8  entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*,

9  747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each

10  party's position, whether it be that a fact is disputed or undisputed, must be supported by

11  (1) citing to particular parts of materials in the record, including but not limited to depositions,

12  documents, declarations, or discovery; or (2) showing that the materials cited do not establish the

13  presence or absence of a genuine dispute or that the opposing party cannot produce admissible

14  evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may

15  consider other materials in the record not cited to by the parties, although it is not required to do

16  so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

17  2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

18  The defendant bears the burden of proof in moving for summary judgment for failure to

19  exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative

20  remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendant

21  carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence

22  showing that there is something in his particular case that made the existing and generally

23  available administrative remedies effectively unavailable to him."  *Id.*  "If undisputed evidence

24  viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is

25  entitled to summary judgment under Rule 56."  *Id.* at 1166.  However, "[i]f material facts are

26  disputed, summary judgment should be denied, and the district judge rather than a jury should

27  determine the facts."  *Id.*

28  ///

1    **III.    Discussion**

2        **A.    Summary of CDCR's Administrative Review Process**

3        At the relevant time, "[t]he California prison grievance system ha[d] three levels of

4    review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes*

5    *v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed

6    June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs.

7    tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the

8    California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by

9    a designated representative under the supervision of the third level Appeals Chief or equivalent.

10    The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

11        Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or

12    omission by the department or its staff that the inmate . . . can demonstrate as having a material

13    adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

14        The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at

15    § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their

16    involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested

17    identifying information about the staff member, he must provide any other available information

18    that would assist the appeals coordinator in making a reasonable attempt to identify the staff

19    member in question. *Id.*

20        **B.    Allegations in First Amended Complaint**

21        Plaintiff is currently housed at Mule Creek State Prison in Ione, California. The events in

22    the first amended complaint are alleged to have occurred while Plaintiff was incarcerated at the

23    California Correctional Institution ("CCI") in Tehachapi, California. Plaintiff names the

24    following defendants: Correctional Officer D. Garcia and Correctional Officer B. Jones. Plaintiff

25    alleges as follows:

26        On January 24, 2017, around 4:00 p.m. Plaintiff was inside the CCI gym taking a

27    urinalysis test when Defendants Garcia and Jones attacked and assaulted him when he asked a

28    question about viewing of the test. Defendant Garcia allegedly walked up to Plaintiff, pulled out

4

1    his MK9 OC pepper spray fogger and shot Plaintiff directly in the face without provocation,

2    emptying the spray.  When Plaintiff turned away, Defendant Garcia then hit Plaintiff in the right

3    side with a baton.  Plaintiff asserts that Defendant Garcia's actions caused burning to his face,

4    shortness of breath, and pain.  After Defendant Garcia used pepper spray and hit Plaintiff with a

5    baton, Defendant Jones then grabbed Plaintiff and slammed him into the ground on the left side of

6    his face, causing swelling, bruising, and discoloration.  Plaintiff further alleges that Defendant

7    Garcia gave a false statement in a crime incident report to justify his actions.  On January 25,

8    2017, when Plaintiff "made the second allegations of staff misconduct against D. Garcia when the

9    lieutenant J. Tingley, interviewed me and order another CDCR 7219 medical report because he

10   could clearly see bruising and discolored in may face area on my left cheek and right side of my

11   back."  (ECF No. 4, p. 5.)  Plaintiff also alleges that Defendant Jones made a false statement in a

12   RVR report and gave false statements to the Lieutenant on a crime incident report in order to

13   justify his actions.

14        As relief, Plaintiff seeks damages.

15        **C.    Undisputed Material Facts (UMF)[1]**

16   1.  Plaintiff is a California State Prison inmate.  At all relevant times alleged in the

17       Complaint, Plaintiff was housed at the California Correctional Institute in Tehachapi,

18       California ("CCI").  At the time that Plaintiff filed the Complaint at issue in this case,

19       Plaintiff was housed at CCI.  Plaintiff is currently incarcerated at Mule Creek State Prison

20       in Ione, California.  (ECF No. 14, First Amended Complaint ("FAC") at 4; ECF No. 51,

21       Notice of Change of Address.)

22   ///

23   ///

24
---
[1] ECF No. 36-1.  Plaintiff did not provide a separate statement of undisputed facts in his opposition or supplemental
25   opposition.  Local Rule 260(a).  As a result, Defendants' Statement of Undisputed Facts in Support of Defendants'
     Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies is accepted except
26   where brought into dispute by Plaintiff's verified first amended complaint, (ECF No. 14), and verified supplemental
     opposition to the motion for summary judgment, (ECF No. 42).  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir
27   2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of
     specific facts which are admissible in evidence; *Johnson v. Melzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same,
28   with respect to verified motions).  Unless otherwise indicated, disputed and immaterial facts are omitted from this
     statement and relevant objections are overruled.

2.  On August 1, 2017, Plaintiff filed a Complaint brought under 42 U.S.C. § 1983 alleging various claims against Defendants B. Jones and D. Garcia.  (ECF No. 1, Complaint.)

3.  On February 20, 2018, the Court issued an Order dismissing Plaintiff's Complaint with leave to amend, ordering an amended complaint to be filed within 30 days.  (ECF No. 13.)

4.  On March 12, 2018, Plaintiff filed his First Amended Complaint.  (ECF No. 14.)

5.  CDCR has a comprehensive administrative appeals system for prisoners' complaints, described in the California Code of Regulations (CCR), Title 15, section 3084, *et seq.*[2] CCR, Title 15, section 3084.1(a) provides that any inmate may appeal any departmental decision, action, condition, or policy which they can demonstrate as having a material effect upon their welfare.  Declaration of M. Voong, Chief of Office of Appeals (Voong Decl.) ¶ 4; Declaration of J. Wood, Appeal Coordinator at CCI (Wood Decl.) ¶ 2–3.)

6.  Under Title 15 of the California Code of Regulations, an inmate has 30 calendar days to submit an appeal from the occurrence of the event or decision being appealed, or upon first knowledge of the action or decision being appealed.  Cal. Code Regs., tit. 15, § 3084.8 (b); (Wood Decl. ¶ 8).

7.  To exhaust the administrative appeal process, the inmate must complete his appeal through the Third Level of review.  Cal. Code Regs., tit. 15, § 3084.7; (Voong Decl. ¶ 7; Wood Decl. ¶¶ 4, 6.)

8.  The grievance procedure requires the inmate to identify, by name and title or position, each staff member alleged to be involved in the action or decision being appealed, along with the dates each staff member was involved in the issue being appealed.  If the inmate does not have this information, he must provide any other available information that would assist the appeals coordinator in identifying the staff member.  Cal. Code Regs., tit. 15, § 3084.2(a)(3).

///

---

[2] Effective January 28, 2011, the regulations governing inmate appeals were amended by Title 15 of the CCR, Section 3084, *et seq.  See* CCR, tit. 15, §§ 3084–3084.8 (amended 2011).  Because Plaintiff's claims relate to an incident that occurred in 2017, the amended regulations described herein apply, as they were in effect at the time the events alleged occurred.

9. The grievance procedure also requires the inmate to include each staff member's involvement in the issue under appeal.  The inmate "shall" also state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Appeal Form.  *Id.* § 3084.2(a)(4).

10. If an inmate submits an appeal that is untimely, lacks critical information, or otherwise does not comply with the regulations governing the appeal process, the appeal may be cancelled or rejected, meaning it is not accepted for review.  The cancellation or rejection of an appeal at any level does not exhaust the appeal process.  *Id.* § 3084.1(b) (2015) (describing that all appeals are subject to a third level review before administrative remedies are deemed exhausted, and a cancellation or rejection decision does not exhaust administrative remedies); (Voong Decl. ¶¶ 5, 7, 9; Wood Decl. ¶¶ 4, 6); *see also* Cal. Code Regs., tit. 15, § 3084.6(a)–(f) (describing rejection, cancellation, and withdrawal criteria).

11. Plaintiff submitted inmate grievances through CDCR's administrative appeals system while incarcerated at CCI.  (Voong Decl. ¶¶ 12–14, Ex. C; Wood Decl. ¶¶ 12–14, Ex. B.)

**Appeal re: January 24, 2017 Incident – Log No. CCI-17-00502**

12. Plaintiff submitted a grievance under Appeal Log No. CCI-17-00502, alleging that on January 24, 2017 Defendant Garcia and 2 other unnamed officers[3] assaulted him with OC pepper spray during a urinalysis, without warning or provocation.  (Voong Decl. ¶ 13(a), Ex. A; Wood Decl. ¶ 12(a).)

13. In this appeal, Plaintiff wrote: "I look down, started to pull my talle wacker out when all three officer approached me with the empty bottle in my right hand about to piss when I was sprayed in the face without warning.  Officer D. Garcia, along with his two fellow officers assaulted me with "OC" spray without warning or provocation."  (ECF No. 14, p. 12 (unedited text); Voong Decl. ¶ 13(a), Ex. A.)

14. On November 2, 2016, Plaintiff's 602 appeal logged under appeal number CCI-17-00502 was denied at the Third Level of review.  (Voong Decl. ¶ 13(a), Ex. A.)

---

[3] Plaintiff only named two officers in the FAC, Defendants D. Garcia and B. Jones.

15. Plaintiff did not name Defendant B. Jones in his appeal at the first and second levels and did not allege any use of force by any correctional officer other than the use of pepper spray.  (Voong Decl. ¶ 13(a), Ex. A; Wood Decl. ¶ 11(a), Ex. A.)

16. In his response to the Second Level response, Plaintiff wrote "I requested a full investigation into Officer D. Garcia, and Officer B. Jones, use of excessive force and unnecessary force against me for asking a question."  Plaintiff still never details any use of force by either of the Defendants other than the use of OC spray and B. Jones was only identified and referenced when the appeal was submitted to the Third Level, bypassing the first two levels of review.  (Voong Decl. ¶ 13(a), Ex. A.)

17. Defendant D. Garcia wrote an Incident Report under CCI-FAA-17-01-0027 detailing the incident involving Plaintiff on January 24, 2017, which was the subject of Plaintiff's appeal under CCI-17-00502.  In this Incident Report, Defendant Garcia only references the use of OC spray and use of baton by Defendant Garcia.  Defendant Garcia does not reference any use of force by Defendant Jones.  Defendant Garcia states that Defendant Jones' only involvement, other than as witness, was to handcuff Plaintiff after he was compliant.  (Voong Decl. ¶ 13(a), Ex. A.)

18. Defendant B. Jones wrote an Incident Report under CCI-FAA-17-01-0027 detailing the incident involving Plaintiff on January 24, 2017, which was the subject of Plaintiff's appeal under CCI-17-00502.  In the Report, Defendant Jones does not indicate that he used any force or OC spray or was involved in any use of force.  The only involvement Defendant Jones indicates he had in the incident, other than being a witness, was that he handcuffed Plaintiff after he had already complied with orders.  (Wood Decl. ¶ 13(a), Ex. A.)

19. During the investigation into Plaintiff's allegations, prison officials were not on notice of Plaintiff's claims against Defendant B. Jones or on notice Plaintiff was claiming that excessive force was used upon him, aside from his claims that correctional officers used OC spray.  (Voong Decl. ¶ 13(a), Ex. A; Wood Decl. ¶¶ 12(a), 14.)

///

**Other Appeals**

20. On November 8, 2017, Plaintiff's 602 Appeal Log No. CCI-17-02654 was denied at the second level of review.  That appeal addressed Plaintiff's allegations relative to CDC Form 115, Rules Violation Report (RVR), Log No. 2131025 dated January 24, 2017 for Assault on a Peace Officer by Means Not Likely to Cause Great Bodily Injury.  In the appeal, Plaintiff alleged his due process rights were violated during the RVR hearing because he was not allowed to call witnesses.  He requested the RVR be dismissed due to due process violations.  (Wood Decl. ¶ 12(b); Voong Decl. ¶ 13(b), Ex. B.)

21. On April 4, 2017, Plaintiff's 602 Appeal Log No. CCI-17-00575 was rejected pursuant to Cal. Code Regs. tit. 15, § 3084.6(b)(15).  Plaintiff submitted the appeal directly to the Third Level, without submitting it to the first two low levels of appeal, bypassing the required lower levels of review.  That appeal addressed Plaintiff's allegations that Officers D. Garcia and B. Jones fabricated their 115 Rules Violation Report Log No. 2131025, issued to Plaintiff on January 24, 2017.  Plaintiff alleges the untrue statements were of a sexual nature and done in order to intimidate and sexually harass Plaintiff in order to get him to withdraw his allegations of employee misconduct.  (Voong Decl. ¶ 14(a).)

**No Other Relevant Appeals Submitted**

22. CCI has no record of receiving any other appeal that is relevant to the allegations in the FAC.  The Office of Appeals and Inmate Correspondence and Appeals Branch has no record of receiving any other appeal from Plaintiff regarding his claims arising from the January 24, 2017 incident against any prison official.  (Wood Decl. ¶ 14; Voong Decl. ¶ 15.)

**D.     Discussion**

The allegations at issue in this suit occurred on January 24, 2017, and therefore all claims arising from that incident were required to be exhausted prior to Plaintiff initiating this action on August 1, 2017, or Plaintiff is required to come forward with evidence showing that the existing and generally available administrative remedies were effectively unavailable to him.

///

1              1.       Parties' Positions

2          Defendants argue that there is no genuine dispute of fact that Plaintiff failed to exhaust his

3   administrative remedies against Defendant Jones as to any claims, or against Defendant Garcia as

4   to any claims other than the use of excessive force by use of OC spray.  (ECF No. 36.)  Although

5   Plaintiff filed a grievance regarding the incident that occurred, appeal number CCI-17-00502, he

6   only alleged that he was assaulted by Defendant Garcia's use of OC spray.  Plaintiff did not

7   allege any use of excessive force by Defendant Garcia other than the use of OC spray.

8   Furthermore, Plaintiff did not name Defendant Jones specifically until he wrote a reply to the

9   Second Level Appeal Response, and he did not allege that Defendant Jones used any physical

10  force outside of the original allegations of the use of OC spray by "two officers."  Finally,

11  Plaintiff was aware of the inmate appeals process, used it to submit a grievance regarding the

12  incident at issue in this action, and the process was therefore available to him.  (*Id.*)

13         Plaintiff argues in opposition that appeal number CCI-17-00502 was fully exhausted as

14  required, and any other appeals referenced by Defendants are irrelevant to this action.  (ECF No.

15  37.)  Plaintiff states that he identified Defendant Jones during the second level review of CCI-17-

16  00502 conducted by K. Armstrong, which is the appropriate time during the interview to add

17  more information to the 602.  Plaintiff alleges that at that time he identified Defendant Jones "as

18  the officer whom attacked Plaintiff and slammed Plaintiff to the floor on his face in the A Facility

19  Gym on January 24, 2017 at the California Correctional Institution."  (*Id.* at 2.)  Plaintiff goes on

20  to argue that the merits of this action are in dispute and must be decided by a jury.  Plaintiff's

21  supplemental opposition largely reiterates the same arguments set forth in the original opposition.

22  (*See* ECF No. 42.)

23         In reply, Defendants argue that while Plaintiff may have alleged that Defendant Jones

24  slammed him to the ground in other documents or interviews, such as his Medical Report from

25  the date of the incident or his videotaped interview taken as part of a force review, Plaintiff never

26  provided any information at any point during the appeals process that Defendant Jones grabbed

27  him and slammed him to the ground.  (ECF No. 43.)  Plaintiff cannot rely on these allegations

28  that were not part of the appeals process to support his allegation, and Plaintiff's contention that

1  simply naming Defendant Jones during the appeals process is not sufficient to exhaust his

2  administrative remedies as to any allegation of excessive use of force by Defendant Jones or any

3  excessive use of force other than the use of OC spray by any defendant.  Finally, Defendants

4  argue that Defendants' motion should be granted based on Plaintiff's failure to comply with Local

5  Rule 260(b) in filing his opposition and supplemental opposition to the motion for summary

6  judgment.

7  2.  Appeal Log No. CCI-17-00502

8  As the parties do not dispute that the grievance process was available to Plaintiff at the

9  relevant time, Plaintiff submitted a grievance related to the incident at issue in this action, (UMF

10  12), or that Appeal Log No. CCI-17-00502 was appealed through the third and final level of

11  review, (UMF 14), the remaining issue is whether CCI-17-00502 was sufficient to exhaust

12  Plaintiff's administrative remedies with respect to any claims against Defendant Jones or to any

13  claims regarding the use of excessive force beyond the use of OC spray.[4]

14  In completing CCI-17-00502, Plaintiff alleged that on January 24, 2017, he was preparing

15  to complete a urinalysis when Defendant Garcia, along with two fellow officers, sprayed him in

16  the face with OC spray without warning or provocation.  (UMF 13.)  Plaintiff identified

17  Defendant Jones by name during a March 2, 2017 interview conducted at the second level.  (UMF

18  16.)  However, Plaintiff "reiterated what was stated in the appeal" and apparently did not add any

19  new information regarding Defendant Jones' actions during the January 24, 2017 incident.  (*Id.*;

20  ECF No. 36-3, p. 13.)

21  Despite Plaintiff's contention in his opposition that he identified Defendant Jones during

22  that interview as the officer who slammed Plaintiff to the floor on his face on January 24, 2017,

23  Plaintiff does not point to any evidence in the record to demonstrate that prison officials were put

24  on notice, during the appeals process itself, that Plaintiff was raising these allegations against

25  Defendant Jones.  Although Plaintiff complained that Defendant Jones slammed him to the

---

26  [4] As Plaintiff does not allege in the complaint, first amended complaint, or in his opposition or supplemental

27  opposition to Defendants' motion for summary judgment, that Defendant Jones used OC spray against Plaintiff, the
   Court does not consider any claims against Defendant Jones for the use of OC spray.  Rather, the only claim
   considered is the use of excessive force by Defendant Jones when he allegedly grabbed Plaintiff and slammed him to

28  the ground.  (*See* ECF No. 15, pp. 2–3.)

ground during the use of force review of the incident and in a medical report, this was not

sufficient to place prison officials on notice that he wished to appeal that issue when Plaintiff

filed an appeal complaining only about the use of OC spray.

As Plaintiff states in his opposition, he was aware that the second level review interview

was the appropriate time to add more information to his appeal, but the only information he

apparently added was Defendant Jones' name.  Plaintiff's opposition and supplemental

opposition, though they are both signed under penalty of perjury, are insufficient on their own to

raise a genuine issue of material fact regarding whether Plaintiff added information to his appeal

about Defendant Jones slamming him to the ground during his second level review interview.

*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr.

11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting

evidence, is insufficient to create a genuine issue of material fact.").  The Court therefore finds

that Plaintiff failed to exhaust his administrative remedies as to any claim that Defendant Jones

slammed him to the ground, or that Defendant Garcia used any force other than the use of OC

spray.

**IV.    Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1.    Defendant's partial motion for summary judgment for failure to exhaust, (ECF No. 36), be
      GRANTED;

2.    Defendant Jones be DISMISSED from this action;

3.    Plaintiff's claims against Defendant Garcia regarding the use of excessive force, other
      than the use of OC spray, be DISMISSED from this action; and

4.    This action proceed only on Plaintiff's claim against Defendant Garcia for excessive force
      in violation of the Eighth Amendment for spraying Plaintiff with OC spray on January 24,
      2017.

*     *     *

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

**fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 9, 2022**                              /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

13