# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>        Plaintiff,<br><br>   v.<br><br>GARCIA, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-01022-ADA-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(ECF No. 63)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER BY EXTENDING THE DISPOSITIVE MOTION DEADLINE<br>(ECF No. 65)<br><br>Dispositive Motion Deadline: **March 20, 2023** |

**I.    Background**

Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Garcia ("Defendant") for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray on January 24, 2017. (ECF No. 57.)

Pursuant to the Court's June 15, 2022 order lifting the stay of discovery and resetting the discovery and dispositive motion deadlines, the deadline for completion of all discovery, including filing all motions to compel discovery, was September 13, 2022. (ECF No. 58.) On September 16, 2022, the Court further extended the discovery deadline, "**only for the purpose of resolving any dispute regarding Defendant's August 9, 2022 discovery requests**." (ECF No. 62.) In that same order, the Court extended the deadline for filing all dispositive motions (other


than a motion for summary judgment for failure to exhaust) to December 12, 2022.  (*Id.*)

On November 4, 2022, Plaintiff filed a motion to compel regarding Defendant's responses to Plaintiff's Requests for Production of Documents, Set Two, which were apparently served on Defendant on September 11, 2022.  (ECF No. 63.)  Defendant filed an opposition on November 9, 2022.  (ECF No. 64.)  Plaintiff did not file a reply brief, and the deadline to do so has expired.

In addition, on December 1, 2022, Defendant filed a motion to modify the discovery and scheduling order by extending the dispositive motion deadline by 60 days from the date the Court rules on Plaintiff's motion to compel.  (ECF No. 65.)  Plaintiff did not file an opposition, and the deadline to do so has expired.

Plaintiff's motion to compel and Defendant's motion to modify the discovery and scheduling order are deemed submitted.  Local Rule 230(l).

**II.     Plaintiff's Motion to Compel**

In his motion to compel, Plaintiff states that he filed a request to Defendant in a good faith effort to obtain evidence, specifically photographs and a new (plastic) urinalysis bottle.  (ECF No. 63.)  Plaintiff contends that Defendant is well aware that Plaintiff is at a disadvantage in obtaining the requested evidence.  Further, the urinalysis bottle is not contraband or dangerous, and presents no threat or serious threat to the facility's security or the safety of inmates or staff, because prisoners are allowed to have other items inside their cells and living areas, such as TVs, radios, hot pots, and battery chargers.  The requested photos also do not pose any threat, as the photos are for trial.  Without a court order for Defendant to provide Plaintiff with the requested evidence, Plaintiff, who remains confined in prison, cannot show the court that Defendant used excessive force against Plaintiff and violated Plaintiff's Eighth Amendment rights.  (*Id.*)

In opposition, Defendant contends that Plaintiff's motion should be denied as untimely, because it was filed after the September 13, 2022 extended deadline for completion of all discovery, including motions to compel.  (ECF No. 64.)  The October 31, 2022 discovery deadline was specifically for the completion of Defendant's August 9, 2022 discovery requests.  (*See* ECF No. 62.)  As to the specific discovery requests, Defendant argues that Requests for Production ("RFP") Nos. 1 and 3, regarding the production of photographs, should be denied

1    because they are not in Defendant's possession and Defendant is not obligated to create new
2    documents for Plaintiff.  As to RFP No. 2, requesting a urinalysis bottle, Defendant reiterates that
3    this item, in Plaintiff's possession, is considered "dangerous contraband," even when made of
4    plastic, and whether Plaintiff is allowed to possess it is not related to whether other inmates are
5    allowed to possess other forms of personal property such as battery chargers or radios.  (*Id.*)
6         Defendant is correct that Plaintiff's motion to compel is untimely.  As noted previously,
7    the discovery deadline was extended from September 13, 2022 to October 31, 2022 solely for the
8    purpose of resolving Defendant's outstanding discovery requests.  (ECF No. 62.)  Therefore,
9    Plaintiff's discovery requests were required to be served "sufficiently in advance of the discovery
10   deadline" of September 13, 2022 "to permit time for a response and time to prepare and file a
11   motion to compel.  (ECF Nos. 32, p. 2; 58, p. 2.)
12        Plaintiff served his Second Set of RFPs on September 11, 2022, two days before the
13   discovery deadline.  (ECF No. 65-1, p. 7.)  Although this was not "sufficiently in advance of the
14   discovery deadline to permit time for a response" as directed by the Court's orders setting the
15   discovery deadlines, Defendant demonstrated good faith by serving responses to the requests on
16   October 14, 2022.  While Plaintiff arguably showed diligence by quickly submitting the motion to
17   compel on November 1, 2022, the motion was nevertheless well past the September 13, 2022
18   deadline for completion of discovery, and was even beyond the October 31, 2022 deadline for
19   completion of Defendant's outstanding discovery requests.
20        Accordingly, Plaintiff's motion to compel is denied as untimely.
21   **III.    Defendant's Motion to Modify Discovery and Scheduling Order**
22        Defendant requests that the Court extend the current dispositive motion deadline of
23   December 12, 2022, by 60 days from the date the Court rules on Plaintiff's motion to compel.
24   (ECF No. 65.)  Defendant contends that the extension is necessary in light of the pending motion
25   to compel and because defense counsel will be in trial the week of December 12.  The trial was
26   originally scheduled to start the week of November 28, but was recently continued to the week of
27   December 12.  (ECF No. 65-1, p. 2.)  Defense counsel further states that a continuation of the
28   dispositive motion deadline was discussed with Plaintiff on November 30, 2022, but he did not

1    agree to join in the request.  (ECF No. 65-2, p. 3.)

2        Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and
3    with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily
4    considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations,*
5    *Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot
6    reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was
7    not diligent, the inquiry should end.  *Id.*

8        Having considered Defendant's motion, the Court finds good cause to grant the motion to
9    modify the discovery and scheduling order.  Although Plaintiff apparently did not agree to the
10   extension during the November 30, 2022 discussion with defense counsel, in light of Plaintiff's
11   failure to oppose the motion, the Court further finds that Plaintiff will not be prejudiced by the
12   extension granted here.

13   **IV.    Order**

14       Based on the foregoing, IT IS HEREBY ORDERED as follows:

15   1. Plaintiff's motion to compel, (ECF No. 63), is DENIED;
16   2. Defendant's motion to modify the discovery and scheduling order, (ECF No. 65), is
17      GRANTED;
18   3. The deadline for filing all dispositive motions (other than a motion for summary judgment
19      for failure to exhaust) shall be **March 20, 2023**; and
20   4. Any request for an extension of this deadline must be filed on or before the expiration of
21      the deadline.  <u>However, the parties are advised that an extension of time will only be
22      granted upon a clear showing of good cause</u>.

23   
24   IT IS SO ORDERED.

25       Dated:   **January 19, 2023**              /s/ *Barbara A. McAuliffe*
26                                                   UNITED STATES MAGISTRATE JUDGE
27
28