# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>              Plaintiff,<br><br>      v.<br><br>GARCIA,<br><br>              Defendant. | Case No. 1:17-cv-01022-KES-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 92) |

     Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is set for a jury trial before United States District Judge Kirk E. Sherriff on November 4, 2025 on Plaintiff's claim against Defendant Garcia ("Defendant") for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray on January 24, 2017.

     Currently before the Court is Plaintiff's motion to appoint counsel, filed April 7, 2025. (ECF No. 92.) Plaintiff states that this action has been pending for 8 years and Plaintiff has defeated two summary judgment motions against Defendant Garcia. While Plaintiff was willing to accept the offer proposed by Judge Peterson at the most recent settlement conference, Defendant refused to settle. Plaintiff does not have the funds to hire an attorney to represent him during trial. It is only beneficial to the Court to appoint counsel in this mater due to the merits of Plaintiff's case and the strong evidence that Plaintiff will show the jury that Defendant used

1    excessive force without provocation and that the RVR was an act to cover up his violation of
2    Plaintiff's civil rights.  Plaintiff needs legal counsel to obtain evidence that Defendant will not
3    give to Plaintiff because Defendant states it is contraband and Plaintiff cannot have it in his
4    possession.  The Court has authority to grant this motion.  (*Id.*)

5    Defendant has not yet had the opportunity to respond to Plaintiff's motion, and the Court
6    finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

7    Plaintiff paid the filing fee and is not proceeding *in forma pauperis* in this action.  At the
8    time of filing, Plaintiff held a balance of $15,214.61 in his trust account.  (ECF No. 7.)  While
9    Plaintiff alleges in his motion that he does not have the funds to hire an attorney to represent him
10   at trial, Plaintiff has presented no information that his financial circumstances have changed or
11   that he has made any efforts to hire an attorney to represent him.  Further, the Court is not aware
12   of any authority that would allow the appointment of counsel for a litigant in a civil action who is
13   not proceeding *in forma pauperis*.

14   Even if Plaintiff were proceeding *in forma pauperis*, Plaintiff does not have a
15   constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525
16   (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the
17   court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).
18   *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in
19   certain exceptional circumstances the court may request the voluntary assistance of counsel
20   pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

21   Without a reasonable method of securing and compensating counsel, the Court will seek
22   volunteer counsel only in the most serious and exceptional cases.  In determining whether
23   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
24   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
25   complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

26   The Court has considered Plaintiff's request, but does not find the required exceptional
27   circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
28   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

1   This Court is faced with similar cases filed by prisoners proceeding *pro se* almost daily. These
2   prisoners also must prosecute claims without the assistance of counsel.
3       To the extent Plaintiff argues that an attorney will assist him in conducting discovery,
4   Plaintiff is reminded that the deadline for completion of all discovery expired on October 31,
5   2022. (ECF No. 62.) If Plaintiff is seeking relief related to discovery that has already been
6   conducted in this action, a motion for appointment of counsel is not the appropriate method of
7   seeking such relief.
8       Finally, based on a review of the record in this case, the Court does not find that Plaintiff
9   cannot adequately articulate his claims. As demonstrated in the instant motion, Plaintiff is able to
10  prepare and file documents clearly setting forth his contentions, without assistance from counsel.
11      For the foregoing reasons, Plaintiff's motion to appoint counsel, (ECF No. 92), is
12  HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 8, 2025**            /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE