# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA,<br><br>　　　　Defendant. | Case No. 1:17-cv-01022-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES<br><br>(ECF No. 98) |

　　　　Plaintiff Wayne Jerome Robertson ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is set for a jury trial on November 4, 2025 at 9:00 a.m. before United States District Judge Kirk E. Sherriff on Plaintiff's claim against Defendant Garcia ("Defendant") for excessive force in violation of the Eighth Amendment for spraying Plaintiff with OC spray on January 24, 2017.

　　　　Pursuant to the Court's April 8, 2025 second scheduling order, the deadline for all parties to serve their expert disclosures was set for May 2, 2025. (ECF No. 94.) The deadline for service of rebuttal expert disclosures is set for May 23, 2025, and the close of expert discovery is set for June 13, 2025. (*Id.*)

　　　　On April 25, 2025, Plaintiff filed his expert witness disclosures with the Court. (ECF No. 97.) Plaintiff states that these expert witnesses are to be subpoenaed by the Court for trial: (1) Roy W. Wesley: Office of the Inspector General of the State of California monitoring the use of

1  force in the California Department of Corrections and Rehabilitation from January 2018 til
2  December 2018; and (2) Michael W. Bien, attorney for Rosen, Bien, Galvan, and Grunfeld LLP.
3  Post Office Box 390, San Francisco, CA.  Regarding use of force policies on mental health
4  prisoners and the use and unnecessary use of force.  (*Id.*)
5    On May 9, 2025, Defendant filed a motion to strike Plaintiff's expert witness disclosures
6  for failure to comply with Federal Rules of Civil Procedure 26(a)(2).  (ECF No. 98.)
7    Plaintiff has not yet had the opportunity to file a response, but the Court finds a further
8  response is not necessary.  Defendant's motion to strike Plaintiff's expert witness disclosures is
9  therefore deemed submitted.  Local Rule 230(l).
10    Defendant contends that Plaintiff fails to specify if the experts are retained or unretained,
11  if they are percipient witnesses, and fails to provide any expert reports or any summary of the
12  facts and opinions to which his purported experts will testify. (ECF No. 98.)  This makes it
13  impossible to determine if Defendant needs to provide a rebuttal report, to identify a proper
14  expert to provide one, and to properly prepare for and take the experts' depositions.  Plaintiff's
15  expert disclosure also violates Federal Rule of Civil Procedure 5(d)(1)(A), stating that expert
16  disclosures pursuant to Rule 26(a)(2) must not be filed with the Court until they are used in the
17  proceeding or the court orders filing.  (*Id.*)
18    Upon review of Plaintiff's expert witness disclosures, the Court finds that they do not
19  comply with the Federal Rules of Civil Procedure.  Pursuant to the Court's April 8, 2025 second
20  scheduling order, Plaintiff was advised that expert disclosures "must be made pursuant to Federal
21  Rule of Civil Procedure 26(a)(2)(A), (B), and (C) and shall include all information required
22  thereunder."  (ECF No. 94, pp. 1–2.)  Further, Plaintiff was warned that "Failure to comply with
23  these requirements will result in the imposition of sanctions, which may include the preclusion of
24  testimony or other evidence offered through the expert witness."  (*Id.* at 2.)
25    Based on the foregoing, IT IS HEREBY ORDERED as follows:
26   1. Defendant's motion to strike Plaintiff's expert disclosures, (ECF No. 98), is GRANTED;
27    and
28  ///

2. Plaintiff's April 25, 2025 expert witness disclosures, (ECF No. 97), are STRICKEN, for failure to comply with Federal Rule of Civil Procedure 26(a)(2).

IT IS SO ORDERED.

Dated: __May 12, 2025__         /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE